UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No: 1:23-cv-00266

RICKY DONOVAN MARR,
        Plaintiff,

                                          **FIRST AMENDED**

v.                                         **COMPLAINT**

MAX ROBENSKY SAINVELUS and
MJS TRUCKING LLC,
            Defendants.

---

NOW COMES Plaintiff, Ricky Donovan Marr (hereinafter known as Plaintiff or Plaintiff Marr), by and through the undersigned counsel, complaining of the Defendants, MJS Trucking, LLC (hereinafter known as "Defendant MJS") and Max Robensky Sainvelus (hereinafter known as "Defendant Sainvelus"), and AMENDING WITH LEAVE FROM THE COURT, this First Amended Complaint as follows:

1.    This action is brought against the Defendants pursuant to 28 U.S.C. §1332 (Diversity) where the claims at issue exceed the sum of Seventy-five Thousand Dollars and No/100 ($75,000.00) Dollars, exclusive of costs and interest and is between citizens of different States.

2.    That the Plaintiff is a citizen and resident of Jackson County, North Carolina.

3.    That upon information and belief, Defendant, Max Robensky Sainvelus (hereafter "Defendant Sainvelus") is a citizen and resident of Orlando, Florida.

4.    At all times material hereto, Defendant, MJS Trucking, LLC (hereafter "Defendant MJS Trucking") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Orlando, Florida.

5.    At all times material hereto, Defendant Sainvelus was acting in the course and scope of employment and/or agency of Defendant MJS Trucking, LLC.

6.    That the subject matter of this action involves an accident involving a semi-truck/tractor and trailer driven and owned by Defendants and an ambulance in which Plaintiff was a passenger which occurred in Jackson County, North Carolina on or about June 8, 2022.

7. That at approximately 8:12 am on June 8, 2022, the Plaintiff, an employee of Jackson County Emergency Management Services, was a front seat passenger in a 2017 Ford Ambulance that was lawfully operated by Kevin Darrell Carswell. The ambulance in which Plaintiff was a passenger was traveling west on US 23 when at the same time the tractor and trailer/semi-truck being driven by Defendant Sainvelus was traveling south on US 23.

8. Defendant Sainvelus was driving his semi-truck at an excessive speed and at the same time he failed to stop at the traffic light illuminating red and violently crashed into the ambulance Plaintiff was in causing the ambulance to overturn.

9. That the violent impact from the collision described above caused serious personal injuries to Plaintiff and resulting damages, including but not limited to, severe and permanent injuries, past, present, and future medical expenses, economic loss to the Plaintiff and pain and suffering.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

10. Paragraphs 1-9 of this Complaint are hereby realleged and incorporated by reference herein.

11. At the time and place referenced herein, Defendant Sainvelus as an employee and agent of Defendant MJS Trucking negligently, carelessly, recklessly and with conscious disregard of and indifference for the rights and safety of others, including Plaintiff, operated the above-described vehicle in at least the following ways:
    a. He failed to maintain his vehicle under proper control under the existing conditions;
    b. He drove the vehicle carelessly and recklessly in willful or wanton disregard of the rights or safety of others, including Plaintiff;
    c. He failed to control his vehicle;
    d. He failed to maintain a proper look out;
    e. He failed to reduce speed to avoid an accident;
    f. He failed to stop at a red traffic light;
    g. He drove with disregard of the prevailing road conditions and traffic laws;
    h. He drove while exceeding a safe speed; and
    i. Any other way that may be shown at trial.

12. That the negligence of the Defendants as described above was a direct and proximate cause of the collision described above which caused the personal injuries to Plaintiff and resulting damages to Plaintiff, which include but are not specifically limited to past, present and future expenses for medical care and treatment, severe permanent injuries, lost wages, and pain and suffering and

therefore he is entitled to recover damages in an amount exceeding $75,000.00 from Defendants.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE PER SE

13.     Paragraphs 1-12 of this Complaint are hereby realleged and incorporated by reference herein.

14.     That the Defendants' actions as described above constitute negligence per se in that these actions violated N.C. Gen. Stat. §§ 20-140, 20-141.6, 20-154(a2), 20-160.1, 20-141, 20-156, 20-158, and any other ways that may be shown at trial.

15.     That the negligence per se of the Defendants as described above, was a direct and proximate cause of the collision described above which caused the personal injuries to Plaintiff and resulting damages to Plaintiff, which include but are not specifically limited to past, present and future expenses for medical care and treatment, severe permanent injuries, lost wages, and pain and suffering and therefore he is entitled to recover damages in an amount exceeding $75,000.00 from Defendants.

## THIRD CLAIM FOR RELIEF
## GROSS NEGLIGENCE

16.     Plaintiff hereby adopts, re-alleges, and incorporates the allegations in paragraphs 1-15 above, as if fully set forth herein.

17.     At the time of and seconds before the crash, Defendant Sainvelus was driving the semi-truck at speeds in excess of 55 mph, where the roadway has a significant downhill grade, and where the authorized speed limit is 35 mph.

18.     Defendants' conduct and driving as described hereinabove at all relevant times hereto were willful, wanton, and with conscious or reckless disregard for the rights and safety of others, including Plaintiff.

19.     Defendants' conduct and driving as described hereinabove at all relevant times hereto were needlessly, manifesting a reckless indifference to the rights of others, including Plaintiff.

20.     That Defendants' conduct and driving as described hereinabove at all relevant time hereto constitutes gross negligence.

21.     As a direct and proximate result of Defendants conduct and gross negligence as set out hereinabove, the vehicle operated by Defendant Sainvelus violently crashed into the ambulance in which Plaintiff was a passenger causing significant

damages to both vehicles and causing Plaintiff significant and severe personal injuries in excess of $75,000.00. This crash and personal injuries caused the Plaintiff to experience great pain and suffering, physical impairments, inconvenience, mental anguish, loss of capacity for enjoyment of life, medical and hospitalization treatment and expenses therefor, including future medical expenses, and any other damages and injuries that may be proven at the trial of this matter, all of said injuries are permanent or continuing in nature and the Plaintiff will suffer said losses and impairment in the future.

## FOURTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES

22. Plaintiff hereby adopts, re-alleges, and incorporates the allegations in paragraphs 1-21 above, as if fully set forth herein.

23. Defendant Sainvelus' actions as alleged and described herein, including but not limited to driving at excessive speeds were willful, wanton, reckless, needless, and in conscious disregard of and with indifference to the rights and safety of others, including Plaintiff Marr.

24. Defendant Sainvelus' actions as alleged and described herein, as owner and operator of Defendant MJS, evidence Defendant MJS's participation in and its condoning of Defendant Sainvelus' conduct constituting the aggravating factors giving rise to punitive damages.

25. Plaintiff Marr is entitled to punitive damages from Defendants, jointly and severally, pursuant to Chapter 1D of the North Carolina General Statutes.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1. Compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) pursuant to the claims for relief set out hereinabove;

2. Punitive damages in accordance with Chapter 1D of the North Carolina General Statutes;

3. Costs and expenses of this action;

4. Attorney fees as are allowed by law; and

5.      Any other such relief as the Court deems just and equitable.

This the 21st day of September 2023.

                            CARPENTER & GUY, PLLC
                            /s/Kimberly N. Carpenter
                            Attorney for Plaintiff
                            NC Bar # 23247
                            559 West Main Street
                            Sylva, North Carolina 28779
                            (828) 339-1010 Telephone
                            (828) 339-1019 Facsimile
                            Email: kim@wnc.law.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the Defendants via electronic mail, as follows:

Lucienne Hartmann Peoples
Attorney for Defendants
lucie.peoples@mgclaw.com

This the 21st day of September, 2023.

                            CARPENTER & GUY, PLLC
                            /s/Kimberly N. Carpenter
                            Attorney for Plaintiff
                            559 West Main Street
                            Sylva, North Carolina 28779
                            (828) 339-1010 Telephone
                            (828) 339-1019 Facsimile
                            Email: kim@wnc.law